MEMORANDUM OF DECISION
EAGAN, Judge.
I. BACKGROUND
In late September 2006, the plaintiff was arrested for disorderly conduct in Westerly, Rhode Island. In early October 2006, the plaintiffs gaming license was suspended based on the arrest, and the MTGA terminated his employment as a Slot Technical Shift Manager because his gaming-license had been suspended.
The plaintiff appealed the license suspension. On March 26, 2007, the Gaming Commission reinstated his license on the grounds that there was not sufficient evidence to support the revocation.
Plaintiff then sought reinstatement to his previous position with the defendant. When the defendant refused to reinstate him, plaintiff requested a board of review hearing, which was denied.
The parties agree that the defendant terminated the plaintiff solely because of the suspension of his gaming license. Defendant has never contended that the plaintiff violated any work rule or acted improperly during the course of his employment.
The parties further agree that it is a condition of employment with the MTGA that employees in positions requiring gaming licenses, must have such licenses.
II. STANDARD OF REVIEW
A motion to dismiss admits all well pleaded facts. The complaint must be construed most favorably to the plaintiff. LaPlante v. MTGA, GDTC-T-05-121-TBW (2006), affirmed GDCA-T-06-500 (2007).
A. Count, One—Board of Review
In Count One, plaintiff alleges that the defendant’s conduct in denying his request for a board of review is a violation of its Board of Review Policy. His counsel then argues that “... this Court must accept the plaintiffs factual allegation in this regard for purposes of a motion to dismiss.” Plaintiffs Memorandum in Opposition to Defendant’s Motion to Dismiss, p. 12.
Plaintiffs reasoning here is flawed. Whether the defendant was obligated to provide him with a Board of Review is a legal question for this Court to resolve. It is not a factual allegation that must be accepted as true for purposes of the pending Motion to Dismiss. The defendant’s Employee Handbook outlines the Board of Review policy. However, the Handbook expressly states that “It is not intended to, nor does it, constitute an expressed or implied contract or promise of continued employment or that any policy or benefit described in it will continue or will not be changed.” Employee Handbook, p. 2.
Additionally, as defendant correctly notes, absent a waiver of sovereign immunity, “... the court is without subject matter jurisdiction, and a Motion to Dismiss must be granted.” LaPlante, supra, p. 5. Count One fails to identify, either expressly or even impliedly, any waiver of sover *494 eign immunity that would permit plaintiff to assert a cause of action for a failure to adhere to “Board of Review Policy.” Defendant's Memorandum of Law in Support of Motion to Dismiss, p. 4.
The plaintiff counters that he has been placed in a “catch-22” position. Plaintiffs Memorandum, supra, p. 14. His employment was terminated solely because his gaming license was suspended. Because a gaming license was undisputedly a prerequisite to his continued employment with the MTGA, plaintiff did not request a Board of Review hearing on the propriety of his termination. However, when his license was reinstated as having been suspended without sufficient evidence, he is now told that there is no Board of Review procedure available for him to challenge the refusal to reinstate him as an ex-employee.
We agree with the plaintiff that he is, indeed, in a “catch-22” position and wish the situation were otherwise. Nevertheless, the Court cannot find any waiver of sovereign immunity that would allow the plaintiff to maintain a cause of action against the defendant for its alleged violation of Board of Review policy.
All this Court can do is ask that the MTGA look favorably on any request the plaintiff might make to be rehired when a suitable position becomes available.
This Court, as was the case in Jacques v. Office of the Director of Regulation, 3 G.D.R. 129, 7 Am. Tribal Law 483, 2008 WL 5539624 (August 11, 2008), p. 5, may not like the result of its decision, but it is nevertheless bound to apply the laws of the Mohegan Tribe, including the requirement that sovereign immunity must be expressly waived for any case to proceed.
Accordingly, Count One must be dismissed.
B. Count Two—Retaliation
In Count Two of the Second Revised Complaint, plaintiff alleges that “the Defendant’s conduct in refusing to reinstate him and refusing to provide him with a board of review after he successfully appealed the suspension of his gaming license, was in retaliation against him because he pursued his rights under Connecticut and Mohegan Law with regard to the appeal of this decision of the Director of Regulation.” Paragraph 9, Second Revised Complaint.
The same defect that existed with regard to Count One also permeates Count Two of the Revised Complaint. The plaintiff has not identified any Mohegan Tribal law that purports to authorize a claim for retaliatory conduct against the MTGA where an employee pursues his right to appeal a license suspension.
The defendant points out that the only claims against the MTGA for retaliation which are expressly authorized are found in the Discriminatory Employment Practices Ordinance (DEPO), § 4-26, prohibiting discrimination against an employee “... as the result of such employee’s filing a complaint relating to this Article or as a result that the employee testified or is about to testify in a proceeding related to this Article.” Aticle II, § 4-26. The plaintiff, however, does not allege that the defendant’s failure to reinstate him related in any way to the exercise of DEPO rights. Accordingly, Count Two must be dismissed.
C. Count Three—The Indian Civil Rights Act (ICRA)
In Count Three, plaintiff alleges that he has a “protected property right in her [sic] continued employment with the Defendant, and the defendant’s conduct constitutes a violation of the Indian Civil Rights Act, 25 USC Sections 1301, et seq., *495 in that it deprived him of his protected property right in continued employment without due process.” Paragraph 10, Second Revised Complaint.
The parties disagree over the issue of whether an employee ever has a protected property right to continued employment. This Court, however, need not resolve this issue, or indeed, the applicability of ICRA.
This is not a case where an employee has been terminated and argues that his termination deprived him of a protected property right to continued employment. Rather, here, the plaintiffs termination went unchallenged; the issue now is whether he, as an ex-employee has any protected property right to be reinstated to his prior employment position. Under these circumstances, the Court cannot find that plaintiff has any protected property right that could be subject to ICRA’s due process provisions. Consequently, Count III must be dismissed.
Accordingly, the Court grants the defendant’s Motion to Dismiss.